UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER SHAWN BALLARD,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

Case No. 1:15-CV-653

HON. PAUL L. MALONEY

## **OPINION**

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Christopher Ballard seeks review of the Commissioner's decision denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

## **STANDARD OF REVIEW**

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they

are supported by substantial evidence.  *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance.  *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted).  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever evidence in the record fairly detracts from its weight.  *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984).  The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 38 years of age on the date of the Administrative Law Judge's (ALJ) decision.  (PageID.54, 110.)  He completed his highschool education through the Hope Network, and was previously employed as a general laborer and packager, though the ALJ determined such did not amount to past relevant work.  (PageID.76–77, 102, 284.)  Plaintiff applied for benefits on November 21, 2012, alleging that he had been disabled since February 10, 1990, due to right hip issues, an inability to straighten his right foot, an auto accident causing head injury, lower back pain, and high blood pressure.  (PageID.110.)  Plaintiff's applications were denied on January 4, 2013,

after which time he requested a hearing before an ALJ. (PageID.127–30, 133–38.) On November 15, 2013, Plaintiff appeared with his counsel before ALJ Michael Condon for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (PageID.72–108.) In a written decision dated January 31, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.54–71.) On April 20, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.25–30.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

The ALJ initially noted that Plaintiff received benefits with an onset date of May 1, 1990, but was later determined to have undergone medical improvement, and accordingly benefits ceased in November 2011. (PageID.57.) The ALJ noted that while Plaintiff appealed that determination, he did not appear at a scheduled hearing, and subsequently a decision was entered affirming the finding of medical improvement. The ALJ declined to reopen that determination. (PageID.57.) Proceeding with the sequential analysis for Plaintiff's new applications, ALJ Condon determined Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 11, 2011 (the day after the prior determination). (PageID.60.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) status-post closed head injury with some memory loss and easily distractibility; (2) heterotrophic bone in the right hip affecting the right leg and foot; (3) status-post right foot fracture; and (4) organic mental disorder. (PageID.60.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.60–61.) At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with lifting/carrying ten pounds frequently and twenty pounds occasionally; and sitting, standing or walking up to six hours each in an eight-hour workday. Due to his physical impairments, the

> claimant cannot climb ladders, ropes or scaffolds; and must avoid concentrated exposure to hazards, including unprotected heights and dangerous moving machinery. He also cannot operate leg or foot controls with the right lower extremity. Due to his mental impairment, the claimant is limited to doing simple, routine work and making only simple work-related decisions involving work in a low-stress work environment with no fast pace production requirements or production rate quotas.

(PageID.61–62.) Continuing with the fourth step, the ALJ determined that Plaintiff did not have any past relevant work. (PageID.65.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy which Plaintiff could perform given his limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform the following work: office helper (11,000 jobs in Michigan, 330,000 jobs in the nation), office cleaner (15,000 jobs in Michigan, 750,000 jobs in the nation), and greeter (1,500 jobs in Michigan, 55,000 jobs in the nation). (PageID.104–05.) Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.66.)

Accordingly, the ALJ concluded that Plaintiff was not disabled at any point from October 11, 2011, through the date of the decision. (PageID.66.)

## DISCUSSION

### 1. The ALJ Properly Considered Dr. Christian VandenBerg's Opinion that Plaintiff was Not Competitively Employable.

The record demonstrates that Plaintiff was in a motor vehicle accident on February 10, 1990. He was treated at Blodgett Memorial Medical Center in the "low level brain injury program" and was subsequently transferred to Mary Free Bed Rehabilitation Hospital where he was treated by Dr. VandenBerg. (PageID.342.) After being discharged from Mary Free Bed, Plaintiff

5

continued to treat with Dr. VandenBerg in the early 1990s as well as for a period in 2001. The parties do not dispute that after 2001, Plaintiff did not see Dr. VandenBerg again until August 16, 2010. (PageID.336, 342–43.) Plaintiff's first claim centers on Dr. VandenBerg's treatment note on that date. The note discusses Plaintiff's history of brain injury, and summarizes a physical examination that found a "significant loss of range of motion at the right hip." (PageID.342–43.) There was relative atrophy of the right lower extremity when compared to the left, but only "very mildly decreased" strength in the right lower extremity compared to the left. (PageID.343.) Consequently, Dr. VandenBerg noted it was "difficult" for Plaintiff to be on his feet for long periods, and concluded that his "feeling of the patient is he is not competitively employable." (PageID.343.) The ALJ did not give any weight to Dr. VandenBerg's opinion, noting that an opinion that an individual is unemployable is one left to the Commissioner. (PageID.64.) Plaintiff, however, argues the ALJ's decision violated the administration's rulings for considering opinions reserved to the Commissioner. The Court disagrees.

By way of background, the treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

6

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where it is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers*, 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

The parties dispute whether Dr. VandenBerg qualifies as a treating source. As discussed above, Dr. VandenBerg examined Plaintiff on the date he rendered the opinion in question, but had not examined him in the nine years prior to that date. The administration recognizes three types of acceptable medical sources: "nonexamining sources, nontreating (but examining sources), and treating sources." *Smith v. Commissioner of Social Security*, 482 F.3d 873,

875 (6th Cir. 2007). "A physician qualifies as a treating source if the claimant sees her 'with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition' . . . A physician seen infrequently can be a treating source 'if the nature and frequency of the treatment or evaluation is typical for [the] condition.'" *Id.* at 876 (quoting 20 C.F.R. § 404.1502). Given the nine year span between examinations, the Court concludes that Plaintiff's visits with Dr. Vandenberg were so infrequent such that as of the date of the doctor's opinion, he was more properly characterized as an examining source, rather than a treating source. *See Welch v. Colvin*, No. 3:14-01802, 2015 WL 7575487, at *6 (M.D. Tenn. Nov. 4, 2015), *report and recommendation adopted* No. 3:14-CV-01802, 2015 WL 7596319 (M.D. Tenn. Nov. 25, 2015) (collecting cases). Accordingly, Plaintiff's argument that the ALJ needed to provide "good reasons" for discounting the opinion under *Gayheart* is misplaced.[2]

      Plaintiff relatedly argues that because the ALJ "ignored" Dr. VandenBerg's opinion, he violated SSR 96-5p's direction that "opinions from any medical source about issues reserved to the Commissioner must never be ignored."[3] (PageID.668.) While Plaintiff correctly summarizes the relevant law, the Court disagrees with Plaintiff that the ALJ's discussion runs afoul of the ruling's requirements. SSR 96-5p provides guidance for considering "medical source opinions on issues reserved to the Commissioner, including . . . whether an individual is 'disabled' under the Social Security Act." SSR 96-5p, 1996 WL 374183, at *1 (July 2, 1996). While the ultimate issue

---

[2]Even if Dr. Vandenberg was a treating source, because the opinion was one reserved to the Commissioner, it would still not be "entitled to controlling weight or special significance." SSR 96-5p, 1996 WL 374183, at *1 (July 2, 1996).

[3]SSRs "are binding on all components of Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1).

8

of disability is reserved to the Commissioner, a physician's opinion that the claimant is "disabled" must not be disregarded.  SSR 96–5p, 1996 WL 374183, at *5.  As the ruling notes:

> The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner. If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.

*Id.* at *3.  Here the ALJ did not "ignore" the opinion, but explained that the opinion was not due any weight because it was an issue reserved to the Commissioner. (PageID.64.)  This was sufficient to pass muster under SSR 96-5p.  *See Turner v. Commissioner of Social Security*, 381 F. App'x 488, 493 (6th Cir. 2010) ("Further, the ALJ's decision adequately explained the consideration given to Dr. Wright's opinion by noting that the opinion spoke to an issue reserved to the Commissioner and that the opinion ultimately expressed uncertainty as to Turner's inability to work.").

Finally, Plaintiff claims the ALJ was required to give more weight to Dr. VandenBerg's opinion over others who had not examined Plaintiff.  Plaintiff is incorrect.  It is true that the Commissioner will "[g]enerally . . . give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant].  20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1).  But this is by no means as rigid a rule as Plaintiff apparently would prefer.  Instead, "in appropriate circumstances, opinions from State agency medical and psychological consultants . . . may be entitled to greater weight than the opinions of treating or examining sources."  *See Brooks v. Commissioner of Social Security*, 531 F. App'x 636, 642 (6th Cir. 2013) .  Because Dr. VandenBerg's opinion concerned an issue reserved to the Commissioner, it was not entitled to any special significance.  *See* SSR 96-5p, 1996 WL 374183 at

\*1. Thus this was an appropriate circumstance in which the ALJ could give greater weight to a consultant's opinion. Accordingly, Plaintiff's claim of error is rejected.[4]

### 2.     Plaintiff Has Not Satisfied His Burden For A Sentence Six Remand.

As part of his request to obtain review of the ALJ's decision, Plaintiff submitted to the Appeals Council additional evidence which was not presented to the ALJ. (PageID.32–47, 640–43). The Appeals Council received the evidence and considered it before declining to review the ALJ's determination. (PageID.25–26.) This Court, however, is precluded from considering such material. In *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also Bass v. McMahon*, 499 F.3d 506, 512–13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the

---

[4] In his reply brief, Plaintiff appears to argue that Dr. VandenBerg also opined on Plaintiff's cognitive ability and ability to stand for long periods and the ALJ failed to properly consider this portion of the opinion. (PageID.690.) This argument is waived, however, as it was not raised in Plaintiff's initial brief. Raising a new argument in his reply brief is improper, and constitutes a violation of the Court's order directing the filing of briefs. (PageID.644.) It is well established that a reply brief is not the proper place to raise new arguments. *See e.g., Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

burden of making this showing. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

While Plaintiff has requested that the Court remand this matter for consideration of the evidence in question, he has failed to demonstrate that consideration of such evidence would have led to a different result. Indeed, much of the new evidence is similar to evidence that was thoroughly considered by the ALJ. For example, Plaintiff points to a January 13, 2014, treatment note from Dr. VandenBerg that indicated Plaintiff was unable to work because of his back, hip, inability to stand for long periods of time, and cognition difficulties. (PageID.642.) He would later describe this as a "slam dunk" case for disability. (PageID.32.) However these notes are extremely similar to Dr. VandenBerg's August 2010 note that was rejected by the ALJ as being on an issue reserved to the Commissioner, and for reasons stated above, would not have changed the ALJ's decision as it was entitled to no special significance. Other notes that were not considered by the ALJ describe Plaintiff as doing well, albeit with occasional falls. (PageID.640.) But similar notes were also examined by the ALJ that document occasional falls. (PageID.64.) While the new evidence may demonstrate that Plaintiff continues to have medical conditions, arguing that the evidence only substantiates earlier evidence does not satisfy Plaintiff's burden of demonstrating a reasonable probability that the Commissioner would have reached a different result. Moreover, to the extent Plaintiff points to notes demonstrating his condition as worsening (PageID.640), this relates to a period outside the ALJ's decision. The proper remedy is an additional application for benefits. Accordingly, the Court cannot consider this evidence and there exists no basis for remanding the matter for consideration of such. Plaintiff's claim of error is denied.

### 3. The ALJ's Decision Not to Reopen the Earlier Decision of Medical Improvements Is Not Subject to Judicial Review.

As noted above, Plaintiff previously received benefits but was found to have undergone medical improvement:

> The claimant was previously found disabled and allowed benefits with an onset of May 1, 1990. His claim was reviewed and he was continued as disabled on March 25, 2003. The claimant's benefits were ceased on May 1, 2010 due to medical improvement and the claimant appealed that determination. He requested that benefits continue during the appeal process. A hearing with a stage agency disability officer was scheduled for October 4, 2011, but the claimant failed to appear. A decision was made based on the information in the file on October 10, 2011. The hearing officer found that the claimant's physical condition imposed more than a slight impact on his ability to perform work-related activities and limited him to light exertional occupations. The hearing officer found that the claimant experienced medical improvement and his psychological impairment was not severe. The claimant stopped receiving benefits in November of 2011.
>
> Because the stage agency hearing officer decision was not appealed, it is considered final and binding. The undersigned declines to reopen that determination. Thus the issue of disability will be considered beginning October 11, 2011, the day after the state agency hearing officer determination.

(PageID.57.) The instant case before the Court concerns a new application for benefits, however Plaintiff claims the Court should nonetheless consider the instant case as a cessation of benefits case, putting the onus on the Commissioner to demonstrate improvement. (PageID.670–71.) But Plaintiff's cessation of benefits is not in front of the Court here. Indeed the ALJ noted he declined to reopen the prior determination. To the extent Plaintiff argues the ALJ should have reopened that decision, it is not subject to judicial review. *See Califano v. Sanders*, 430 U.S. 99, 107–08 (1977); *see also Anderson v. Commissioner of Social Security*, 195 F. App'x 366, 369–70 (6th Cir. 2006); *Okarski v. Commissioner of Social Security*, No. 01-10230-BC, 2004 WL 2713268, at *2 (E.D. Mich. Nov. 12, 2004).

Finally, it is possible to challenge an otherwise unappealable administrative order in federal court on constitutional grounds. *See, e.g.*, *Califano*, 430 U.S. at 109 (noting that a plaintiff's action seeking "an additional opportunity to establish that he satisfies the Social Security Act's eligibility standards for disability benefits," is "not one of those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds"); *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992) ("[a]bsent any colorable constitutional claim . . . a federal court has no jurisdiction to review the Appeals Council's decision not to reopen"). Plaintiff argues that he "missed an appointment due either to incarceration or simple forgetfulness." (PageID.670–71.) This is insufficient to invoke this Court's jurisdiction. Plaintiff's claim is rejected.

## CONCLUSION

For the reasons articulated herein, the Commissioner's decision will be **AFFIRMED.** A separate judgment shall issue.


Dated:  August 30, 2016                                             /s/ Paul L. Maloney
                                                                                            PAUL L. MALONEY
                                                                                            United States District Judge